## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MINNESOTA

| | |
|---|---|
| S.B., a minor child, by and through his Parents and Natural Guardians, S.C.B. and J.L.B.-J., | Civil File No.: _____ |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| Minnesota State High School League, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff S.B. ("SB"), by and through his parents and natural guardians, S.C.B. and J.L.B.-J., for his Complaint against Defendant Minnesota State High School League ("MSHSL"), states and alleges as follows:

### I. SUMMARY OF THE CASE

1.      This is an action for injunctive relief, declaratory relief, and money damages arising out of the injury, loss of property interest, and damage sustained by SB as a result of the unconstitutional actions by the Minnesota State High School League ("MSHSL"). Plaintiff seeks relief from the MSHSL's improper suspension of SB, a minor and student, from playing in the varsity football state championship game for Chatfield High School ("Chatfield") on Friday, November 26, 2021. Under Minnesota law, interscholastic sports participation is a constitutionally protected property right included as part of a student's right to an education, which cannot be taken away without due process. Due to the MSHSL's lack of an appeals process for review of

unsportsmanlike conduct penalty calls leading to ejection and subsequent automatic suspension, SB was denied a constitutionally protected property right without due process.

2.      SB is the starting quarterback for the Chatfield Varsity Football Team. On November 18, 2021, Chatfield played in a semifinal game for the MSHSL Class AA State Football Championship. During the course of the game, MSHSL Officials issued two unsportsmanlike conduct penalties against SB. While SB was ejected from the semifinal game, Chatfield won and advanced to the state championship game scheduled for November 26, 2021 at 1:00 p.m. However, due to the two unsportsmanlike penalties SB is barred from playing in the championship game without due process.  SB seeks an impartial review of the two calls that led to his ejection from the semifinal game and review of his subsequent immediate suspension from the November 26, 2021 state championship game.  There has been and can be no meaningful review of the two calls and subsequent suspension prior to the championship game and therefore S.B. seeks to enjoy and realize his property right in participation in interscholastic athletics and participate in the state championship game.

3.      SB brings this action for money damages, but also for the express purpose of gaining the immediate ability to participate in varsity football at Chatfield for the state championship game because there has been and can be no meaningful review of the two calls in question or subsequent suspension prior the next scheduled game on November 26, 2021. SB seeks: (a) to obtain a temporary restraining order preventing the MSHSL from suspending SB from the state championship game without due process; (b) to obtain

2

additional injunctive relief permanently enjoining the MSHSL from suspending SB from participating in varsity athletics and thereby allowing SB to participate in varsity football absent a meaningful review of the calls in question and his suspension by a neutral; and (c) to obtain a declaration that suspending SB without any appeals process was and is unconstitutional and violates SB's constitutionally protected rights.

## II. JURISDICTION

4.      Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourteenth Amendment of the United States Constitution, and 28 U.S.C. §§ 1331 and 1343. This Court has original jurisdiction over Count One of SB's Complaint.

5.      Venue in this District is authorized by 28 U.S.C. § 1391(b) due to the fact that the MSHSL conducts business or resides in this District and because this District is where a substantial part of the events or omissions giving rise to the claims occurred.

## III. PARTIES

6.      SB is a minor child who resides separately through a joint custody agreement with his parents S.C.B. and J.L.B.-J. in Rochester, Minnesota, and Chatfield, Minnesota within the boundary of the Chatfield Public School District, Independent School District 227. SB, S.C.B. and J.L.B.-J. are citizens of the United States and residents of the State of Minnesota.

7.      Defendant Minnesota State High School League ("MSHSL") is a domestic non-profit corporation formed under Minn. Stat. § 317A, and has a registered Office Address of 2100 Freeway Blvd., Brooklyn Center, MN 55430.

47873230

## IV. FACTUAL ALLEGATIONS

8.      SB is a minor and eleventh grade student who lives separately through a joint custody agreement with his parents and guardians S.C.B. and J.L.B.-J. in Rochester, Minnesota and Chatfield, Minnesota. SB is currently enrolled at Chatfield High School.

9.      SB is a highly talented, star football player for the Chatfield Football Team.[1]

### A.     SB's Participation in a State Semifinal Football Game.

10.     On November 18, 2021, SB participated in Chatfield's semifinal state championship football game.

11.     Given S.B.'s success this year, during games opposing teams focus their verbal and physical attention on SB. During the semifinal game, SB had a similar experience.

12.     During the semifinal game, the MSHSL Officials issued two unsportsmanlike conduct penalties against SB, one in the second quarter and one in the third quarter.

13.     SB disagrees with the unsportsmanlike conduct calls as video of the alleged penalties reveals SB was not the instigator, and as it relates to the second call, his actions were a reaction to the twisting of his ankle to protect his own safety.

---

[1] SB plays quarterback and has over 2,200 yards rushing, 39 touchdowns and 700 yards passing so far this season. His yards rushing place him in the top four in state history for rushing performances in a single season, and third in state history for rushing touchdowns.

47873230

14.     Per MSHSL Bylaw 206.00[2], following the second unsportsmanlike conduct penalty, SB was ejected from the game and subsequently suspended from Chatfield's next game in the tournament series, the state championship game on November 26, 2021.

15.     Further, when SB was issued two unsportsmanlike conduct calls and ejected from a game, SB's suspension from the next game was automatic and without review or opportunity to appeal.

16.     Fortunately, Chatfield won the semifinals game and advanced to the state championship game on November 26, 2021 at 1:00 p.m. However, due to the MSHSL Bylaws, SB is suspended and unable to play.

**B.     SB Seeks to Appeal Unsportsmanlike Conduct Penalties and Subsequent Suspension.**

17.     SB disagrees with the MSHSL Officials' unsportsmanlike conduct calls issued to him during Chatfield's semifinals football game and wishes to appeal these penalties and subsequent suspension.

18.     However, MSHSL Bylaw 407.00[3] prohibits players from contesting, challenging, or appealing the penalty decisions and subsequent suspension, as any "[p]rotests against decisions of contest officials will not be honored. . . . [and] [t]he decisions of contest officials are final."

---

[2] Can be found at: https://www.mshsl.org/sites/default/files/2020-07/handbook_2020-21_200bylaws_web.pdf.

[3] Can be found at: https://www.mshsl.org/sites/default/files/2020-07/handbook_2020-21_400bylaws_web.pdf.

47873230

19.     Despite Bylaw 407.00, the MSHSL has declared that during semifinal and state final games, certain official decisions are eligible to be reviewed over video replay and changed when appropriate, due to the importance of these games for players, teams, and communities. For example, video review occurs on any play during the last two minutes of a game that has a "direct competitive impact on the game." *See* **Exhibit A**.[4] In fact, during Chatfield's semifinal game on November 18 a fourth quarter touchdown was signaled for Chatfield by the officials on the field, but the officials' call was overturned following video review.

20.     Officials' calls leading to ejection and suspension in other sports are subject to a subsequent review.  For example, Bylaw 206.00(C)[5] for Basketball allows a head coach who is ejected for technical fouls and suspended to seek subsequent review of the suspension.

21.     SB seeks a meaningful review of the two calls and subsequent suspension by a neutral decisionmaker.  Given the timing and intervening Thanksgiving Holiday there is no opportunity for a meaningful review prior to Friday's game and therefore SB seeks to continue to play varsity football for Chatfield at the state championship game until his appeal can be properly reviewed.

---

[4] This 20201 Instant Replay Policy and Protocol was sent out from MSHSL to teams before tournament games.
[5] *See* supra note 2.

47873230

22.     The MSHSL's decision to issue SB two unsportsmanlike conduct penalties and suspend SB from the state championship game was willful, unreasoned, and without consideration of the facts and circumstances present in SB's situation.

23.      SB has no means of recourse for the MSHSL's decision to prohibit SB from playing in the state championship game. SB seeks due process to challenge the MSHSL's unconstitutional actions, so that he may appeal his unsportsmanlike conduct penalties and subsequent suspension and continue to participate in interscholastic sports until he is afforded his constitutional due process rights.

### V. CAUSES OF ACTION

### Count One
### 42 U.S.C. § 1983 – Fourteenth Amendment Due Process Violations

24.     Plaintiffs incorporate and reallege the allegations contained in all other Paragraphs of this Complaint as though fully set forth in this Count.

25.     Education is a fundamental right in which individuals have a property interest. This property interest is protected by the Fourteenth Amendment to the United States Constitution and Article XIII of the Minnesota Constitution.

26.     The fundamental right and property interest in education extends to participation in interscholastic athletics.

27.     The actions of the MSHSL in barring and suspending SB from varsity athletics were taken under color of state law and constituted a violation of SB's due process rights under the Fourteenth Amendment of the United States Constitution. As a result of this violation, SB is entitled to relief pursuant to 42 U.S.C. § 1983.

28.     Due process requires that deprivation of property be adjudicated, preceded by notice and a meaningful opportunity to be heard appropriate to the nature of the case.

29.      Due process requires that the MSHSL provide students with the opportunity to be heard regarding rules, policies, and decisions which deprive them of their constitutionally protected property rights.

30.     The MSHSL maintains a policy of making suspension decisions based on rules, standards, policies, and procedures that deprive students of any opportunity to challenge decisions or be heard.

31.     Students have no meaningful and legitimate ability to appeal the MSHSL's deprivation of property rights.

32.     SB has been wrongfully denied an opportunity to be heard regarding his unsportsmanlike conduct suspension, and specifically, SB is barred from protesting or bringing such appeal under the MSHSL's Bylaws.

33.     SB has been wrongfully denied an opportunity to challenge his unsportsmanlike conduct penalties that has resulted in the MSHSL's automatic suspension of SB's eligibility to participate in varsity football state championship game.

34.     The MSHSL's bylaws, policies, and rules, as written, failed to provide SB with due process protections appropriate to the seriousness of the constitutionally guaranteed property rights that the MSHSL oversees and regulates in its capacity as a quasi-state agency action under the color of state law.

35.     Therefore, Defendant MSHSL's actions, interpretations, creation, and enforcement of the bylaws as well as policies supporting the bylaws constitute violations

47873230

of SB's due process rights under the Fourteenth Amendment to the United States Constitution. As a result of these violations, SB is entitled to relief pursuant to 42 U.S.C. § 1983.

36.     The MSHSL has acted with reckless indifference to SB's federally protected rights.

37.     SB is entitled to recovery of his costs, including reasonable attorneys' fees under 42 U.S.C. § 1988.

38.     As a direct and proximate cause of the action or inactions of the MSHSL, SB has suffered significant social, emotional, and educational harm and has been damaged in an amount to be determined at trial.

39.     Plaintiff therefore requests and demands an order compelling the MSHSL to allow SB to participate in varsity athletics, including the November 26, 2021 State Championship Football Game, an order providing that his due process rights be honored by having the subject calls reviewed by a neutral after SB has been given full opportunity to present his position, and holding that he is entitled to monetary damages in an amount to be determined at trial.

## VI. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

1.     Exercise jurisdiction over this action;

2.     Declare that students in Minnesota have a constitutionally protected right to be eligible to participate in varsity athletics;

9

47873230

3.      Declare that SB's right to participate in varsity athletics, including the state championship football game, was wrongfully taken away by the MSHSL.

4.      Declare that the MSHSL's Bylaws' lack of any appeal process as it relates to unsportsmanlike conduct penalties and subsequent suspension violates due process.

5.      Declare that the MSHSL did not afford SB with an adequate right to be heard, nor other basic protections required by the Constitution following its actions to suspend SB from varsity football and to prohibit him from playing in the state championship game.

6.      Award compensatory damages, including costs and attorneys' fees, for all counts alleged above.

7.      Provide permanent injunctive relief, preventing the MSHSL from barring, suspending, or otherwise preventing SB from participating in varsity athletics at Chatfield High School until he is afforded his due process rights and granting immediate eligibility to SB to participate in varsity athletics for Chatfield, including the State Championship Football Game.

8.      Provide such other and further relief as the Court deems just and equitable.

**Jury Trial Demanded.**

SB demands a trial by jury for all claims that may be so tried.

47873230

Respectfully submitted,

Dated: November 23, 2021                    LATHROP GPM LLP


                                            By:  s/ Charles K. Maier
                                                Charles K. Maier (230315)
                                                Charles.Maier@LathropGPM.com
                                                Brooke F. Robbins (#0401904)
                                                Brook Robbins@LathropGPM.com

                                            80 South Eighth Street
                                            500 IDS Center
                                            Minneapolis, MN  55402
                                            Telephone:    612.632.3000
                                            Facsimile:    612.632.4444

                                            ATTORNEYS FOR PLAINTIFF




                            VERIFICATION

        I verify that I have read the foregoing Complaint and that all the facts and
statements made therein are true and correct to the best of my knowledge, and as to those
facts stated on information and belief, I also believe them to be true and correct.

Dated: November 23, 2021                    s/ S.C.B.
                                            S.C.B., as parent and guardian of S.B.

47873230